UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNIFIED 2020 REALTY PARTNERS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: 3:11-CV-00861 |
| PROXIM WIRELESS CORP., DUGGAN | § | |
| REALTY ADVISORS, LLC, and | § | |
| EQUANT, INC. d/b/a ORANGE | § | |
| BUSINESS SERVICES, | § | |
| | § | |
| Defendants. | § | |

## SECOND AMENDED NOTICE OF REMOVAL

Subject to its pending Motion for Leave to Conduct Expedited Jurisdictional Discovery and Motion to Extend Deadline, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Equant, Inc. d/b/a Orange Business Services ("Equant"), through its attorneys, files this Second Amended Notice of Removal of the above-captioned case, which was pending in the 44th Judicial District Court for Dallas County, Texas, Cause No. 11-01940-B. Equant removed this lawsuit to this Court on April 25, 2011.[1] In support of this Second Amended Notice of Removal, Equant would respectfully show the following:

1.  This lawsuit was filed by Unified 2020 Realty Partners, LP ("Unified 2020") in the 44th Judicial District Court for Dallas County, Texas on February 22, 2011 ("the state court case"). Unified 2020 filed a First Amended Petition on April 22, 2011, adding Equant as a Defendant. Equant had not yet been served with citation of the First Amended Petition when it removed this matter on April 25, but it obtained a copy of the pleading on April 22, 2011. Unified 2020 served citation on Equant on April 29, 2011. Equant filed the original Notice of

---

[1] Document 1.

**SECOND AMENDED NOTICE OF REMOVAL**　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 1**

Removal with the Clerk of the District Court of Dallas County, Texas and contemporaneously served same upon counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

2. This Second Amended Notice of Removal is timely filed within 21 days following entry of the Court's Order of June 9, 2011 directing Equant to file this Second Amended Notice of Removal.

3. This Court has original jurisdiction over the subject matter of this lawsuit.

4. The United States District Court for the Northern District of Texas, Dallas Division embraces the place where the state court lawsuit was pending.

## I. Removal Based on Diversity of Citizenship Jurisdiction.

**A. The Parties' Citizenships.**

5. Removal of this action is proper because there is complete diversity of citizenship among all parties that are properly joined and considered in the inquiry, and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees. 28 U.S.C. § 1332(a); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (interpreting removal statute to apply only to properly-joined parties). As set forth below, the citizenship of certain parties and entities should be disregarded for purposes of determining diversity jurisdiction under applicable law and jurisprudence.

6. Defendant Equant is a Delaware corporation with its principal place of business in Georgia. Equant is a citizen of Delaware and Georgia for purposes of diversity. As set forth below, Equant was not properly joined in this lawsuit because the claims asserted against it are separate from those against the other parties.

7. Defendant Proxim Wireless Corporation ("Proxim") is a Delaware corporation with its corporate headquarters and primary place of business in California. Proxim is a citizen of Delaware and California for purposes of diversity.

8. Defendant Duggan Realty Advisors, LLC ("Duggan") is a Texas limited liability company with its principal place of business in Texas. Duggan has not made an appearance, and it appears from the state court docket sheet that citation was issued but not served on Duggan. As set forth below, Duggan was both fraudulently joined and improperly misjoined in this lawsuit. Accordingly, its citizenship and purported lack of consent to removal should be disregarded.

9. On information and belief, and with the exception of Readster DE, whose citizenship should be disregarded in the event that it is a partner of Unified 2020, Unified 2020's partners consist exclusively of entities and individuals that are citizens of Texas for purposes of diversity. Such information and belief is supported by Unified 2020's counsel's statement in a voicemail to Equant's counsel at about 5:37 p.m. on Thursday, June 30, 2011 to the effect that Unified 2020 is a citizen of Texas and Delaware for jurisdictional purposes.[2] Unified 2020's assertion that it is only a citizen of Delaware and Texas, coupled with the irrelevance of the purported Delaware partner for purposes of diversity under *Grassi* and *Piquet*, ¶ 16, *infra*, demonstrate that, consistent with Equant's allegations, Unified 2020 is a citizen of Texas for purposes of diversity. On information and belief, any entity that is a partner of Unified 2020 is itself composed exclusively of citizens of Texas for purposes of diversity. Equant, therefore, affirmatively alleges on information and belief that Unified 2020 is a citizen of Texas for purposes of diversity. Unified 2020 has made an appearance in this lawsuit and may be served pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

---

[2] In the message, counsel stated that "for diversity purposes, Unified is both a Texas and a Delaware corporation [pause] or Delaware partnership."

**B.     Unified 2020 and its Partners Are and Should Be Considered Diverse from Equant Under Applicable Legal and Equitable Principles.**

10.     When the state court case was first filed on February 22, 2011, Plaintiff Unified 2020 was a Texas limited partnership with its corporate headquarters in Texas, and it was a citizen of Texas for purposes of diversity.

11.     Before Equant was added to this lawsuit, Edward Roush, Unified 2020's principal, testified as Unified 2020's corporate representative in a deposition on April 14, 2011. There, Mr. Roush stated that Unified 2020 was a limited partnership with "one sole general partner, which itself is a Texas LLC, called Unified 2020 Realty Partners GP, LLC." Roush further testified that the "partnership has one limited partner, which itself is a limited partnership."

12.     Recently, Unified 2020 claimed that one of its partners was nondiverse. In support of its new position, Unified 2020 has produced an affidavit and a redacted certificate of incorporation for a corporation formed in Delaware on February 28, 2011. The name of the corporation on the certificate is redacted (as well as what appears to be the file number for the corporation). Notably, the affidavit is silent regarding any of the circumstances of the unnamed Delaware corporation's alleged entry into the partnership.

13.     Counsel for Unified 2020 stated that this unnamed corporation became a partner of Unified 2020 on the day the corporation was formed, February 28, 2011. This transaction was conducted, if at all, for purposes of defeating diversity and was performed in the context of litigation that had already been filed against another Delaware corporation. Unified 2020 has refused to identify the allegedly non-diverse partner, and it has refused to provide the partnership agreement or any other relevant information (such as the amount of the partnership interest or consideration paid). The redacted Delaware certificate of incorporation, taken together with

Unified 2020's recent statements and representations, appear to conflict with Mr. Roush's deposition testimony on April 14, 2011, in which Mr. Roush testified that Unified 2020 consisted of two partners: a Texas limited liability company and a limited partnership.

14. Based on publicly available information and a good faith investigation, the unidentified corporation appears to be a corporation named Readster, Inc. ("Readster DE"), which appears to have been incorporated in Delaware for the purpose of defeating diversity jurisdiction in the context of litigation. On February 27, 2011, Mr. Roush organized another Texas corporation also named Readster, Inc. ("Readster TX") by filing a certificate of formation with the Texas Secretary of State. Unified 2020's lawyer is the registered agent for this entity, and the address provided for Readster TX's director and organizer (Roush) is 2020 Live Oak Street. The very next day, Readster DE was incorporated in Delaware.

15. A review of the information contained in the redacted certificate of incorporation and publicly-available information about Readster DE reveals material similarities. Readster DE filed its certificate of incorporation with the Delaware Secretary of State on February 28, 2011 at 9:47 a.m., and the redacted certificate of incorporation provided by Unified 2020 was apparently filed with the Delaware Secretary of State on the same day at the exact same time. Readster DE authorized the issuance of 1,500 shares, as did the unidentified Delaware corporation. Both corporations also employ the same agent for service of process. The text of the two Delaware certificates of incorporation for the unnamed corporation and Readster DE is identical, except for the redactions.

16. Where the "overriding motive" for corporate formation or entity manipulation is to prevent removal of a lawsuit, a federal court may retain jurisdiction. *Piquet v. Amoco Production Co.,* 513 F. Supp. 938, 943 (M.D. La. 1981); *see also Grassi v. Ciba-Energy, Ltd*,

894 F.2d 181, 186 (5th Cir. 1990) (holding that courts have the authority and responsibility "to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal"). The creation of a new corporation and the purported transfer of a partnership interest to the newly-created corporation six days after this lawsuit was originally filed against Proxim, a Delaware corporation, were made by Unified 2020 in order to defeat diversity jurisdiction, and therefore the transfer and the citizenship of the newly-created entity should be disregarded on equitable principles, if such a transfer did, in fact, occur.

17. On information and belief, Unified 2020's disclosed general partner, Unified 2020 Realty Partners GP, L.L.C. ("Unified GP"), is a citizen of Texas for purposes of diversity. On information and belief, any entity that is a member of Unified GP is itself composed exclusively of citizens of Texas for purposes of diversity, and any constituent member or partner of such entities whose citizenship should be considered for purposes of diversity is a citizen of Texas.

18. Equant, therefore, affirmatively alleges on information and belief that Unified 2020 is a citizen of Texas for purposes of diversity. Plaintiff Unified 2020 has made an appearance in this lawsuit and may be served pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

**C.  Duggan Was Fraudulently Joined**

19. Duggan was improperly misjoined and fraudulently joined in the state court action by Unified 2020 with the purpose and intent to defeat diversity jurisdiction.

20. The purported cause of action against Duggan is unrelated to the purported causes of action against Equant. Unified 2020's First Amended Petition reveals no connections between the alleged cause of action of negligence against Duggan (a one-sentence allegation that Duggan

failed to disclose to Unified 2020 that *Proxim* had defaulted on its lease) and its alleged causes of action against Equant for breach of contract and conversion. Equant and Proxim's respective leases with Unified 2020's predecessors-in-interest are unrelated to each other and are separate contracts. Unified 2020 makes no claim for joint, several, or alternative relief among Duggan and either of the other defendants.

21.     Unified 2020's fraudulent joinder of Duggan is further evidenced by the fact that Duggan's lawyer is also simultaneously representing Unified 2020 in matters adverse to Equant. Both before and after this lawsuit was filed, Unified 2020 sent letters to Equant complaining about Unified 2020's perceived breaches of the Lease Agreement dated August 25, 2000 ("Lease") by Equant and showing copies of the letters being sent to both David Schiller, Unified 2020's counsel in this lawsuit, and "J. Marc Hesse, Esq. Hesse & Hesse, LLP." The Roush deposition also contains testimony to support this assertion. Mr. Hesse was copied on correspondence to Equant related to the Building *after this lawsuit was filed against his purported client*, Duggan. The fact that the same lawyer is purportedly representing parties that are simultaneously engaged in litigation against one another supports a finding of fraudulent joinder and improper efforts to manipulate jurisdictional facts.

22.     Further, Unified 2020 has not stated a claim for relief against Duggan upon which relief may be granted because Unified 2020 has not made allegations that give rise to a plausible claim for relief against Duggan. Unified 2020 alleges no specific facts involving Duggan. Unified 2020's allegations against Duggan amount to two conclusory, one-sentence allegations that Duggan was negligent.

23. To the extent Unified 2020's claim against Duggan is based on alleged negligence of Duggan in 2005 (the date of the alleged Proxim breach), no claim can exist because Unified 2020 was not even formed until November 16, 2007.

24. Unified 2020's claim for negligence against Duggan is also speculative and without any merit due to the "as is" clauses in the two deeds for sale by two owners of the Building predating Unified 2020. A valid "as is" clause in a sale agreement for real property negates a misrepresentation claim as a matter of law. On or about August 16, 2006, the original landlord, Dallas FDS, LP, sold the Building to 2020 Live Oak, LP via a special warranty deed that included an "as is" clause. On or about January 31, 2007, 2020 Live Oak, LP sold the building to Dallas #1, LLC and Rainbow LV Properties, LLC, via a special warranty deed with another "as is" provision. Thus, Unified 2020 acquired the Building after at least two "as is" transactions negated any reliance on any alleged acts or omissions of Duggan or the status of the lease with Terabeam Corporation predating the transfers.

25. To the extent Unified 2020's claim of negligence is based on Duggan's conduct arising after Unified 2020 was formed, the claim is groundless and without merit because it is barred by limitations, and Unified 2020 cannot establish grounds for a duty, a breach of duty, reasonable reliance, or damages.

26. To the extent Unified 2020's claim of negligence is based on conduct arising after Unified 2020 was formed, the claim against Duggan is barred because the statutes of limitations for negligence and negligent misrepresentation (two years) have run. TEX. CIV. PRAC. & REM. CODE §16.003. To the extent that Unified 2020's claim against Duggan concerns any duty of Duggan to inform Unified 2020 of Proxim's alleged default when Unified 2020 purchased the Building, the closing occurred on or about January 22, 2008, more than three years before

Unified 2020 sued Duggan for negligence. Finally, the Roush deposition contains testimony regarding Unified 2020's due diligence with respect to its acquisition of the Building. The due diligence relating to the Building in 2008 negates any element of reliance and demonstrates that limitations has run.

27. Unified 2020 also lacks standing to bring the claim and cannot state a plausible claim because it appears that it did not assume any rights under the purported lease with Terabeam Corporation, Proxim's alleged predecessor-in-interest. Unified 2020's predecessor-in-interest did not receive an assignment of the Terabeam lease (which, according to the First Amended Petition had been abandoned by Terabeam in 2005). It appears that Unified 2020 could not obtain any rights to the lease that referred to in its purported claim against Proxim. Unified 2020's claims against Duggan fail as a matter of law and fail to state a claim upon which relief may be granted. Unified 2020 fraudulently joined Duggan in this lawsuit, and Duggan's citizenship should, therefore, be ignored for purposes of diversity.

D.   **Equant Was Improperly Joined by Unified 2020**

28. Equant was improperly joined to this case by Unified 2020 because plaintiff's claims against Proxim are unrelated to its claims against Equant. The joinder was made with the intent to defeat and frustrate Equant's ability to remove this action. The situation is analogous to the misjoinder of parties. Misjoinder of parties occurs when an extra defendant is joined into a suit merely to defeat diversity jurisdiction; it is different from fraudulent joinder in that the plaintiff may have colorable claims against both defendants, but the claims and defendants are so unrelated to each other that the state court would not find that joinder is proper. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Wells Fargo Bank, N.A. v.*

*American Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 563 (N.D. Tex. 2009); *Nsight Technologies, LLC vs. Federal Ins., Co.*, No. 3:09-cv-6-WHB-LRA, 2009 WL 1106868, at *2 (S.D. Miss. April 23, 2009); *see also In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (citing *Tapscott* as ground for finding misjoinder of parties). Misjoinder is met with equal disfavor as fraudulent joinder. *See Benjamin Moore*, 309 F.3d at 298. Unified 2020's purported claims against Equant and Proxim are "without a palpable connection, causing the joinder to be egregious, totally unsupported or a purposeful attempt to defeat removal." *Wells Fargo,* 670 F. Supp. 2d at 563.

29. The purported claims against Equant and Proxim do not arise from the same transaction or occurrence. The claims asserted against Proxim and Equant are separate, independent contract claims. The only alleged commonality among Proxim and Equant in this matter is the fact that they are or were tenants in the Building, and there is a new claim in the First Amended Petition that they each invited AT&T into the Building. Similarly, the claims brought against Equant and Duggan are separate and no claim for joint, several, or alternative relief is made, the claims involve separate transactions and occurrences, and there are no common questions of law or fact as pleaded.

30. The First Amended Petition contains amendments against Equant that are so substantial as to alter the character of this action.

31. In addition, the claims asserted against Equant were not compulsory claims in the action brought against Proxim and Duggan. Finally, the claim asserted against Proxim in this action is barred by the applicable statute of limitations and by other legal and equitable grounds.

## II.     Unanimity of Defendants

32.     Defendant Proxim consented to this removal through its counsel. A party that consents to removal may not withdraw its consent after the removal. *See e.g.*, *McMahan Jets, LLC v. X-Air Flight Support, LLC*, No. 2:10-CV-175, 2011 WL 39810, at *5-6 (S.D. Miss. Jan. 6, 2011) ("Post-removal changes of heart by originally consenting defendants will not support a request to remand[.]"). Post-removal events may not divest this Court of jurisdiction. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.") (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 448 U.S. 426, 428 (1991)). Proxim's subsequent effort to disown its lawyer's consent is ineffective. As Equant was misjoined to the action with Proxim, Proxim's consent is not required in any event.

33.     Duggan's consent to removal is not required because it was fraudulently joined. *See, e.g.*, *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (stating that requiring a fraudulently joined party to consent to removal is "nonsensical"); *see also Rico*, 481 F.3d at 239 (citing *Jernigan*).

## Related Cases

34.     The purported claims against Equant are related to claims in the action styled *Equant, Inc. v. Unified 2020 Realty Partners, L.P, et al.*, Civ. Act. No. 3:11-cv-00838-D, pending in the U.S. District Court for the Northern District of Texas. The purported claims against Equant are also related to claims in the action styled *Unified 2020 Realty Partners, LP v. Equant, Inc., et al.*, Civ. Act. No. 3:11-cv-1082-D, pending in the U.S. District Court for the Northern District of Texas.

WHEREFORE, Defendant Equant hereby amends its notice of removal of this action from the District Court of Dallas County, Texas, 44th Judicial District, to the United States District Court for the Northern District of Texas, Dallas Division.

Dated: June 30, 2011.                              Respectfully submitted,

*/s/ Jeffrey Goldfarb*
Jeffrey Goldfarb
Texas Bar No. 00793820
GOLDFARB BRANHAM LLP
Saint Ann Court
2501 N. Harwood, Suite 1801
Dallas, Texas 75201
Tel.: (214) 583-2233
Fax: (214) 583-2234
jgoldfarb@goldfarbbranham.com

**ATTORNEYS FOR DEFENDANT EQUANT, INC.**

## **CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of this document has been served on all counsel of record below in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules on June 30, 2011:

David A. Schiller
John D. Exline
Schiller Exline, PLLC
2309 W. Parker Road
Plano, Texas 75023

Linda R. Stahl
Mark Mutschink
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201

J. Marc Hesse
Hesse & Hesse, LLP
1518 Legacy Dr., Suite 250
Frisco, Texas 75034

                                       */s/ Jeffrey Goldfarb*
                                       Jeffrey Goldfarb