UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNIFIED 2020 REALTY PARTNERS, LP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. A. No.: 3:11-CV-00861-D |
| PROXIM WIRELESS CORP., DUGGAN REALTY ADVISORS, LLC, and EQUANT, INC. d/b/a ORANGE BUSINESS SERVICES, | § § § § § § | |
| Defendants. | § | |

**DEFENDANT EQUANT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT EQUANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

COMES NOW, Defendant Equant, Inc. ("Equant"), and files this Response in Opposition to Plaintiff's Motion to Extend Time to Respond to Defendant Equant's Motion to Dismiss for Failure to State a Claim and for More Definite Statement. In support thereof, Equant would respectfully show the Court the following:

Unified 2020 Realty Partners, L.P.'s ("Unified 2020") Motion should be denied. Unified 2020 requests that the Court extend the time to file a response to Equant's Motion to Dismiss and Motion for More Definite Statement until fourteen days following Equant's filing of a second amended notice of removal. The request is based on Unified 2020's belief that this lawsuit will be remanded and that the sufficiency of its pleadings will be decided by a state court under state law standards of review. Unified 2020's Motion should be denied for three reasons.

First, Unified 2020 does not identify any practical consideration that would justify an extension of time to respond to Equant's Motion. Unified 2020 does not claim that responding to Equant's Motion within the time provided by the Court's Local Rules creates any kind of hardship. Indeed, Unified 2020 has responded to Equant's Motion. (Dkt. # 18.) Further, as discussed below, the contents of a second amended notice of removal will not affect the arguments for and against dismissal or augmented factual pleading.

Second, the Motion ignores the fact that, in its First Amended Notice of Removal, Equant pleaded federal question jurisdiction under Section 1331 in addition to diversity jurisdiction under Section 1332. Thus, even if a second amended notice of removal (which will continue to assert federal question jurisdiction) did not satisfy pleading sufficiency requirements with respect to the parties' citizenship, the Court would still have jurisdiction under Section 1331. In other words, the purported basis for Unified 2020's Motion does not identify a sufficient justification for an extension of the deadline to respond to Equant's Motion to Dismiss and Motion for More Definite Statement.

Third, the Motion fails to recognize that the posture of this lawsuit should not affect the briefing schedule related to Equant's Motion to Dismiss and Motion for More Definite Statement. The Court will ultimately either retain jurisdiction over this lawsuit or remand it to state court. If the Court retains this lawsuit, Equant's Motion will remain pending. Unified 2020 does not claim that its arguments in opposition to Equant's Motion would be different following Equant's filing of a second amended notice of removal. Thus, the Court's decision on Equant's Motion would be on the basis of arguments available to the parties now, and the Court should not be delayed in having those materials before it if necessary. If the Court remands this lawsuit, Equant's Motion would be rendered moot, and the Court would not assess the sufficiency of

Unified 2020's pleadings. This lawsuit would then be before a state court, and Unified 2020's pleadings would be scrutinized under the applicable state law standard. The supposed harm identified by Unified 2020 simply cannot arise. Accordingly, Unified 2020 has not established "good cause" for extending the time to respond to Equant's Motion to Dismiss and Motion for More Definite Statement. Unified 2020's Motion should be denied. FED. R. CIV. P. 6(b).

WHEREFORE, PREMISES CONSIDERED, Equant prays that the Court will deny Plaintiff's Motion to Extend Time to Respond to Defendant Equant's Motion to Dismiss for Failure to State a Claim and for More Definite Statement and grant Equant such further relief at law and in equity to which the Court finds Equant justly entitled.

Dated: June 30, 2011.                                    Respectfully submitted,


 */s/ Jeffrey Goldfarb*
Jeffrey Goldfarb
Texas Bar No. 00793820
GOLDFARB BRANHAM LLP
Saint Ann Court
2501 N. Harwood, Suite 1801
Dallas, Texas 75201
Tel.: (214) 583-2233
Fax: (214) 583-2234
jgoldfarb@goldfarbbranham.com

**ATTORNEYS FOR DEFENDANT EQUANT, INC. d/b/a ORANGE BUSINESS SERVICES**

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record below in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules this 30th day of June, 2011:

David A. Schiller
John D. Exline
Schiller Exline, PLLC
2309 W. Parker Road
Plano, Texas 75023

Linda R. Stahl
Mark Mutschink
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201

J. Marc Hesse
Hesse & Hesse, LLP
1518 Legacy Dr., Suite 250
Frisco, Texas 75034

                  */s/ Jeffrey Goldfarb*
                  Jeffrey Goldfarb