UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNIFIED 2020 REALTY PARTNERS, LP § <br>     Plaintiff                           § <br>                                   § <br> V.                                       § <br>                                   § <br> PROXIM WIRELESS, CORP,     § <br> DUGGAN REALTY ADVISORS, LLC, § <br> EQUANT, INC. d/b/a ORANGE BUS. § <br> SERVICES                            § <br>     Defendants                 § | Civil Action No. 3:11-CV-00861 |

**PLAINTIFF'S RESPONSE AND SUPPORTING BRIEF TO EQUANT'S MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 81.2**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Unified 2020 Realty Partners, LP, and files this Response and Supporting Brief to Defendant Equant, Inc.'s (hereafter "Equant") Motion to Compel Compliance with Local Rule 81.2, and in support would show as follows:

1. Equant removed this case on April 25, 2011, asserting both diversity and federal question jurisdiction. (Docket #2) On May 6, 2011 Plaintiff filed its Motion to Remand challenging both grounds of subject matter jurisdiction and procedural defects in removal. (Docket #5) On May 19, 2011, Equant amended its Notice of Removal but still did not plead sufficient facts to show either ground of subject matter jurisdiction. (Docket #8) On June 9, 2011 this Court entered an order *sua sponte*, pointing out that Equant's amended notice of removal failed to show that this court has subject matter jurisdiction, requiring Equant by June 30, 2011 to file an amended notice of removal properly alleging the required facts to show the citizenship of all of Plaintiff's partners so

that the Court can determine whether diversity of citizenship jurisdiction is established, and stating that unless Equant complied with the Order, the case would be remanded. (Docket #16) In warning of a remand of this action if Equant failed to amend the notice of removal to allege facts sufficient to show diversity jurisdiction, the Court's June 9, 2011 Order indicated the Court has already determined that federal question jurisdiction under 28 U.S.C. § 1331 is lacking in this case.

2. On June 16, 2011 Equant filed its Motion to Compel Compliance with Local Rule 81.2 in a poorly veiled attempt to try to solve Equant's obvious inability to comply with this Court's Order. Equant confirmed that inability by filing an amended notice of removal on June 30, 2011 which still fails to allege properly the facts required to show the citizenship of all of Plaintiff's partners so that diversity of citizenship jurisdiction is established, and therefore fails to comply with the Court's Order of June 9, 2011. (Docket #26) Put simply, because Equant cannot meet its burden to establish that this Court in fact has jurisdiction, it has resorted to frivolous and desperate measures seen in this current motion to compel.

3. Plaintiff filed its Certificate of Interested Parties on June 30, 2011. (Docket #25) The Certificate includes the entities named in Equant's Certificate of Interested Persons as interested parties, and also adds Plaintiff's managing partner and its managing member.

4. The Northern District's Local Rules regarding certificates of interested persons as applied to a plaintiff in a removed cases are as follows:

**LR 81.2 Certificate of Interested Persons**

> Within 21 days after the notice of removal is filed, the plaintiff shall file a separately signed certificate of interested persons that complies with LR 3.1(c) or

3.2(e). If the plaintiff concurs in the accuracy of another party's previously filed certificate, the plaintiff may adopt that certificate.

**LR 3.1 Filing Complaint by Electronic Means.**

A plaintiff may file a complaint by electronic means by following the procedures set forth in the ECF Administrative Procedures Manual. The complaint must be accompanied by:

. . .

(c) a separately signed certificate of interested persons—in a form approved by the clerk—that contains—in addition to the information required by Fed. R. Civ. P. 7.1(a)—a complete list of all persons, associations of persons, firms, **partnerships**, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case. **If a large group of persons or firms can be specified by a generic description, individual listing is not necessary**. (Emphasis added).

**LR 3.2 Filing Complaint on Paper.**
To file a complaint on paper, a plaintiff must provide the clerk:

(e) a separately signed certificate of interested persons—in a form approved by the clerk—that contains—in addition to the information required by Fed. R. Civ. P. 7.1(a)—a complete list of all persons, associations of persons, firms, **partnerships**, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case. **If a large group of persons or firms can be specified by a generic description, individual listing is not necessary.** (Emphasis added).

5. Defendants have wholly complied with all of the Northern District's local rules concerning the certificate of interested persons, by filing a certificate that lists partnerships (*inter alia*) that have an interest in the litigation. Per the local rules, Defendants are not required to list all the individual partners or members of any partnerships listed in their certificate.

### Purpose of Certificate of Interested Parties

6.     The only purpose of filing a Certificate as to Interested Parties is "… to enable [judges] who have been assigned [a] case to evaluate possible recusal." *Advanced Architectural Metals, Inc. v. Southwest Reg'l Council of Carpenters*, 2008 U.S. Dist. LEXIS 119664 (D. Nev. June 11, 2008); *see also*, *In re Quiroga*, 2008 U.S. Dist. LEXIS 114342 (D. Nev. July 18, 2008) and *United States v. Dilullo*, 2007 U.S. Dist. LEXIS 78696 (D. Nev. Oct. 23, 2007).  The United States Court for the Southern District of Texas, Houston Division, has further clarified the necessity and purpose of filing a Certificate of Interested Parties.  "After a case has been assigned to this court, the undersigned undertakes its own review for potential conflicts by reviewing the attorneys and parties listed on the docket sheet. The undersigned further reviews for conflicts when the certificate of interested parties is later filed in an action."  *Rx.com v. Hruska*, 2006 U.S. Dist. LEXIS 76427 (S.D. Tex. Oct. 20, 2006).

7.     Since the purpose of the Certificate is for this Court to determine if recusal is an issue and out of an abundance of caution, Plaintiff's Certificate states "Plaintiff is not aware of any financial interest in any of the members or limited partners associated with Plaintiff that would anyway implicate this Court's ability to hear this case." (Docket # 25).

8.     Equant has not provided any authority to this Court to justify Plaintiff having to file anything further. In fact it is clear from the timing that Equant is not at all interested in whether there is any possible recusal concern. On the contrary, Equant is desperately trying to maintain federal jurisdiction that quite simply does not exist. In the process Equant is unnecessarily using up valuable resources and time of this Court and

Plaintiff. It is clear that Equant cannot establish subject matter jurisdiction in this case or any of the other related cases. Plaintiff requests that this Court deny the Motion to Compel as moot, because Plaintiff has filed a Certificate complying with Local Rule 81.2, and enforce its previous orders by remanding this case to the 44th District Court of Dallas County Texas from which it was removed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court deny Equant's motion to compel in all things, and for such other and further relief to which Plaintiff may be entitled to in law or equity.

Respectfully submitted,

**SCHILLER EXLINE, PLLC**

By: /s/ David A. Schiller
David A. Schiller, TBN 00794601
2309 W. Parker
Plano, Texas 75023
(469) 467-9200 Phone
(469) 467-9600 Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On the 6th day of July, 2011, a true and correct copy of the foregoing document was served on opposing counsel via automated electronic service under the CM/ECF system for the United States District Court, Northern District of Texas.

/s/ David A. Schiller
David A. Schiller