IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNIFIED 2020 REALTY PARTNERS, L.P., | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:11-CV-0861-D |
| VS. | § § | |
| PROXIM WIRELESS CORP., et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Equant, Inc. d/b/a Orange Business Services' ("Equant's") motion for leave to conduct expedited jurisdictional discovery is granted as follows.¹

I

Plaintiff Unified 2020 Realty Partners, LP ("Unified 2020") sued three defendants, including Equant, in Texas state court.² Equant removed the case to this court on April 25,

___

¹Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

²This is one of three cases involving common parties. *See Equant, Inc. v. Unified 2020 Realty Partners, LP*, No. 3:11-CV-0838-D, and *Unified 2020 Realty Partners, LP v. Equant, Inc.*, No. 3:11-CV-1082-D. Equant filed on June 22, 2011 a motion in No. 3:11-CV-0838-D to conduct expedited jurisdictional discovery and for expedited consideration. By prior orders, the court in all three cases has pointed out defects in how Equant has pleaded diversity jurisdiction, either as plaintiff (in No. 3:11-CV-0838-D) or as removing defendant (in No. 3:11-CV-0861-D and No. 3:11-CV-1082-D). Equant has sought extensions in all three cases of its obligations to amend its complaint or notice of removal so

2011, and Unified 2020 moved to remand on May 6, 2011. Equant now moves the court allow it to conduct limited, expedited jurisdictional discovery of Unified 2020, its partners, and the other defendants. Equant maintains that Unified 2020 has not been forthcoming about, and has deliberately concealed, the identity of its limited partners. Equant alleges that Unified 2020's behavior demonstrates that it is attempting to manipulate and interfere with the court's diversity jurisdiction and Equant's right of removal.

Equant contends that, after it removed this case based on diversity, Unified 2020 alleged for the first time that one of its limited partners is a Delaware corporation. Equant argues that this allegation is directly contrary to the position taken by Unified 2020's corporate representative in one of the related cases. *See supra* note 2. A corporate representative of Unified 2020 averred that "[a]t least one partner of [Unified 2020] is a Delaware Corporation," D.App. 11, and that this partner was formed February 28, 2011, *id.* at 12.[3] Equant informally requested information from Unified 2020 regarding the non-diverse limited partner, which Unified 2020 refused to provide. *See id.* at 8.

Unified 2020 opposes Equant's motion for limited discovery and maintains that it is Equant's burden to establish federal jurisdiction. Unified 2020 contends that Equant is merely speculating that there is diversity jurisdiction. Equant argues that Unified 2020 has

---

that it can obtain jurisdictional discovery. In view of the decision reached in this memorandum opinion and order, the court by separate orders filed today is addressing related motions in all three cases.

[3]If true, the limited partner was created six days after Unified 2020 filed this lawsuit in state court.

placed its citizenship at issue by moving to remand on the basis that it has an unnamed limited partner who is a Delaware citizen and whose citizenship precludes removal based on diversity of citizenship.

II

It is well settled that the citizenship of a limited partnership is determined on the basis of the citizenship of each of its partners. For purposes of determining diversity, Equant is a citizen of Delaware and Georgia.[4] Thus, as the court previously noted, "[i]f the citizenship of any of Unified's 2020's partners is Delaware or Georgia, then diversity is missing, and this case must be remanded to state court." *Unified 2020 Realty Partners, LP v. Proxim Wireless Corp.*, No. 3:11-CV-0861-D, order at 2 (N.D. Tex. June 9, 2011) (Fitzwater, C.J.).

"When the jurisdiction of a federal court is challenged, that court has a duty to make the inquiries necessary to establish its own jurisdiction." *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citation omitted); *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (recognizing the "authority of federal courts to protect their own jurisdiction."). "Since there is 'no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.'" *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) (quoting *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)). "When subject matter jurisdiction is challenged, a court has authority to resolve factual disputes, and may devise a method to . . . mak[e] a determination as to

---

[4]Equant avers in its second amended notice of removal that it is a Delaware corporation with its principal place of business in Georgia.

jurisdiction, 'which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting an evidentiary hearing.'" *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *2 (M.D. La. Sept. 24, 2007) (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)).

District courts have permitted jurisdictional discovery to determine whether the court has subject matter jurisdiction. For example, in *Garbin v. Gulf South Pipeline Co.*, 2001 WL 1386067 (E.D. La. Nov. 7, 2001), the court allowed jurisdictional discovery to determine the identity of defendants and to determine whether the amount-in-controversy requirement was met for diversity jurisdiction. *Id.* at *1-2. In *Turner Brothers*, after the defendants removed the case, the court required the plaintiff to file a statement giving its citizenship particulars. *Turner Bros.*, 2007 WL 2848154, at *1. The court permitted the defendant to conduct limited discovery relevant to the relationships between the entities that comprised the plaintiff, and it allowed the plaintiff to file business records under seal due to a confidentiality clause in a company agreement. *Id.* at *2.

Judge Lindsay denied jurisdictional discovery, however, where it was unclear whether the plaintiff had the requested information. In *NL Industries, Inc. v. OneBeacon America Insurance Co.*, 435 F.Supp.2d 558 (N.D. Tex. 2006) (Lindsay, J.), he denied the defendant's request for jurisdictional discovery where the defendant merely *suggested* that the plaintiff had the relevant information. *Id.* at 565. Judge Lindsay concluded that the defendant had not met the minimum threshold for jurisdictional discovery because "the imposition of jurisdictional discovery places an undue and unnecessary burden on the parties when the

proponent of such discovery only supports the request by *conjecture, speculation, or suggestion.*" *Id.* at 566 (emphasis added).

In the present case, the court in its discretion will allow Equant to conduct limited jurisdictional discovery. It appears to be beyond cavil that Unified 2020 possesses the information that Equant seeks and that this information will bear directly on whether the court has subject matter jurisdiction. To avoid placing undue burdens on Unified 2020, however, in a case in which the court may not have subject matter jurisdiction, the court will confine discovery to interrogatories and requests for production that are limited solely to facts bearing on Unified 2020's citizenship, which, as a general matter, should be limited to the identity and citizenship of Unified 2020's partners and, if a partner was created at or near the time this lawsuit was filed in state court, on what date it was created.[5] This discovery must be completed within 45 days of the date this memorandum opinion and order is filed.

No later than 60 days after the date this memorandum opinion and order is filed, Equant must file a third amended notice of removal that alleges diversity of citizenship, in

---

[5]Equant is entitled to know the identity of Unified 2020's general and limited partners so that it can comply with the pleading requirements imposed by the case law and by court order.

conformity with 28 U.S.C. § 1332, by pleading the citizenship of all of Unified 2020's partners; otherwise, this action will be remanded to state court based on lack of subject matter jurisdiction.

**SO ORDERED**.

July 6, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE